UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RAMON NEREY and DULCE NEREY,

          Plaintiffs,

  -against-

GREENPOINT MORTGAGE FUNDING, INC.;
GINA HYUN SOON PARK; TAYSEER RAZIK;
REMAX UNIVERSAL REAL ESTATE; STEPHEN
J. SIKORSKI; STEVEN WEISS; THE MORTGAGE
MALL INC.; JOUNG HO KIM, ESQ.; and BANK
OF AMERICA,

          Defendants.
------------------------------------------------------------------------x

**SUMMARY ORDER
DISMISSING COMPLAINT
AND REMANDING TO
STATE COURT**

10-CV-2947 (DLI) (RER)

**DORA L. IRIZARRY, United States District Judge:**

On May 21, 2010, Plaintiffs Ramon Nerey and Dulce Nerey (collectively, "Plaintiffs") brought this action in New York State Supreme Court, Queens County against Greenpoint Mortgage Funding, Inc. ("Greenpoint Mortgage"), Gina Hyun Soon Park, Tayseer Razik, ReMax Universal Real Estate, Stephen J. Sikorski, Steven Weiss, The Mortgage Mall Inc. and Joung Ho Kim, Esq. (collectively, "Defendants").[1] On June 25, 2010, the matter was removed to this court pursuant to 28 U.S.C. § 1441. (*See* Docket Entry 1.) On October 8, 2010, Plaintiffs filed an amended complaint. (*See* Docket Entry 30.) The complaint alleges, *inter alia*, that Defendants, in concert, engaged in predatory lending practices and thereby defrauded Plaintiffs during Plaintiffs' purchase of a single family home located at 149-30 46th Avenue in Flushing, New York. (Am. Compl. ¶ 1.) Each Defendant has moved to dismiss Plaintiffs' amended complaint

---

[1] In their original complaint, Plaintiffs also named Bank of America as a defendant in this action. (Compl. ¶¶ 7-10.) On October 8, 2010, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs voluntarily dismissed Bank of America as a defendant. (*See* Docket Entry 32.)

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). However, for the reasons set forth below, the court finds that it lacks subject matter jurisdiction over Plaintiffs' amended complaint. Accordingly, the complaint is dismissed without prejudice, and the matter is remanded to New York State Supreme Court, Queens County. 28 U.S.C. § 1447(c).

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62-63 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant*, 565 F.3d at 62-63; *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Plaintiffs contend the court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Am. Compl. ¶ 3.) "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Plaintiffs' original complaint properly invoked federal question jurisdiction by asserting numerous federal claims, including alleged violations of the Federal Fair Housing Act. 42 U.S.C. §§ 3601 *et seq*. (Compl. ¶ 106.) However, Plaintiffs' amended complaint eliminates all previously alleged federal claims and, instead, alleges only a violation of "Federal Banking Law Section 6.1" as the basis for Section 1331 jurisdiction.

2

(Am. Compl. ¶¶ 3, 201-204.)  As Greenpoint Mortgage correctly noted (Greenpoint Mortgage's Mem. in Supp. of Their Mot. to Dismiss at 14, n.5), no such federal statute exists.

Because Plaintiffs' sole federal claim in their amended complaint is premised on a federal statute that does not exist, they no longer assert a claim arising under the Constitution, laws, or treaties of the United States and there is now no basis for original jurisdiction in this matter. [2] 28 U.S.C. § 1331; *see also Autrey v. Kleinman*, 2007 WL 1412320, at *3 (S.D.N.Y. May. 11, 2007) ("No federal question can arise under a nonexistent statute.").  Further, because no original jurisdiction exists, the court declines to exercise supplemental jurisdiction over the remaining state claims.  *See* 28 U.S.C. § 1367(c)(3); *Valencia rel Franco v. Lee*, 316 F.3d 299, 304-06 (2d Cir. 2003).  Accordingly, Plaintiffs' complaint must be dismissed, without prejudice, for lack of subject matter jurisdiction.  FED.R.CIV.P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").  Therefore, the case is remanded to New York State Supreme Court, Queens County for further proceedings.  28 U.S.C. § 1447(c).

---

[2] As all parties are alleged to be citizens of the State of New York (Am. Compl. ¶¶ 6-30) there is also no diversity jurisdiction.  28 U.S.C. § 1332.

## CONCLUSION

For the reasons set forth above, Plaintiffs' amended complaint is dismissed without prejudice for lack of federal subject matter jurisdiction and the case is remanded to New York State Supreme Court, Queens County for further proceedings. FED.R.CIV.P. 12(h)(3) and 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: Brooklyn, New York
       September 29, 2011

/s/
DORA L. IRIZARRY
United States District Judge